In the Matter of the Application for the Removal from Office of THOMAS S. KING, as Police Justice, etc.

Under the provision of the Judiciary Act (§ 25, chap. 280, Laws of 1847), as amended in 1880 (§ 1, chap. 354, Laws of 1880), in reference to the removal of justices of the peace, etc., which gives the court power in a proceeding for that purpose to certify and tax certain "reasonable expenses," the same to "be a charge against the city, town or village within which such justice of the peace," etc., resides, the court has no power, at least in a proceeding instituted after the passage of the amendatory act, to certify and tax counsel fees and disbursements; the power of the court is limited to an allowance of "the reasonable expenses of the referee."

Where, in such a proceeding, upon coming in of the report of the referee, the proceedings were dismissed, and upon application of both the complainant and respondent, the court certified and taxed the counsel fees and disbursements of both parties, *held*, that the portion of the order making these allowances was reviewable here on appeal by the city wherein the justice resided.

Prior to the appeal all of the items taxed were paid by direction of the common council of the city, except the sum taxed as the fees and disbursements of complainant's counsel. The appeal was "from the whole and every part of said order certifying and taxing the expenses of the reference herein." *Held*, that the notice of appeal was too broad. The order appealed from, therefore, modified by striking out the item so unpaid, but without costs of appeal.

(Argued January 20, 1892; decided February 9, 1892.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 11, 1889, which certified and taxed the expenses of a reference under chapter 354 of the Laws of 1880. Also motion by Calvin S. Crosser, the complainant, for leave to withdraw his appeal from that part of said order which dismissed the proceeding.

In 1888, Calvin S. Crosser presented to the General Term charges of official misconduct against Thomas S. King, as police justice of the city of Buffalo, who appeared and denied the same. An order was thereupon made appointing a referee to take the proofs, and upon the report of the referee, including the evidence taken, the court found that the respondent

was not guilty of the charges preferred, and dismissed the proceedings. (25 N. Y. S. R. 792.) In the same order, upon the application of both the complainant and respondent, the court certified and taxed "the reasonable expenses of such reference  *  *  *  at the sum of $4,057.35," and directed that the same be paid as follows, viz. : To the referee, $408.35 ;. to the stenographer, $499 ; to the counsel for the respondent, Thomas S. King, "for counsel fees and disbursements," $1,550 ; to the counsel for the complainant, Calvin S. Crosser,. "for counsel fees and disbursements upon such reference," $1,600. All of said sums, except the last, were subsequently paid by direction of the common council of the city of Buffalo, but, notwithstanding, this appeal was taken by the city from the order allowing all of the items, without distinction.

The motion by Mr. Crosser for leave to withdraw his appeal from that part of said order which dismissed the proceeding, is based upon the fact that since the appeal was taken, said Thomas S. King has been re-elected to the office of police justice of said city.

*Philip A. Laing* and *George M. Browne* for appellant. The General Term should not have required the city of Buffalo to pay the costs of the parties instituting these proceedings. (Laws of 1880, chap. 354; Const. N. Y. art. 6, § 18 ; Laws of 1847, chap. 280, § 25.)

*L. L. Lewis, Jr.,* for respondent. The motion of complainant for leave to withdraw his appeal and to dismiss the appeal of the city of Buffalo should be granted. (Const. N. Y. art. 6, § 18 ; Code Crim. Pro. § 132 ; Laws of 1880, chap. 354 ; Laws of 1847, chap. 280, § 25 ; *Crosby* v. *Stephan,* 97 N. Y. 606 ; *E. L. A. Society* v. *Hughes,* 125 id. 116.)

VANN, J.   While the Constitution authorizes the removal from office of "justices of the peace and judges or justices of inferior courts not of record," by such courts as may be prescribed by law, it contains no provision for the allowance of

the costs or expenses of the proceeding. (Cons. St. of N. Y. art. 6, § 18.) We have been referred to no statute that is claimed to authorize the action of the learned General Term in taxing and certifying the amount allowed to compensate counsel, except the following section of the Judiciary Act of 1847, as subsequently amended:

" *Justices of the peace and judges, and justices of inferior courts, not of record, and their clerks, may be removed as provided by the Constitution, by the Supreme Court at any General Term thereof,* and such General Term shall have power to order the proofs upon any proceedings hereunder to be taken before a referee to be appointed by such General Term, and to certify the reasonable expenses of such referee, which amount so certified, and also the reasonable expenses of any reference as heretofore or hereafter taxed by any General Term of said court, under proceedings heretofore taken under the act hereby amended and remaining unpaid, is hereby declared to be a charge against the city, town or village within which such justice of the peace, judge or justice of inferior court, not of record, or clerk, exercises the duties of his office. Such General Term may also in its discretion require the person or persons instituting proceedings for the removal of either of the officials above named to give security to be approved by such General Term for the expenses incident to the hearing and determination thereof, in case the charges against such official are not sustained." (L. 1847, ch. 280, § 25, as amended by L. 1880, ch. 354, § 1.)

The part in italics is the original section, the rest having been added by the amendment. An analysis of the section shows that the Supreme Court, at any General Term, has power to appoint a referee to take the proofs in a proceeding to remove one of the officers named, and " to certify the reasonable expenses of such referee, which amount, so certified," is made a charge against the city, town or village within which such officer exercised the duties of his office. It is further provided that " the reasonable expenses of any reference, as heretofore or hereafter taxed by any General Term of said

court, *under proceedings heretofore taken under the act hereby amended,*" shall also be a charge upon the city, town or village in question. Until the section was amended it gave the court no power to appoint a referee or to allow his expenses. By the amendment that power was conferred upon the court and the practice thus regulated as to all proceedings that should be instituted after the amendment went into effect. But the legislature was doubtless aware that for a long time it had been the practice of the court, under its general powers, to appoint referees in such proceedings, so it went a step farther and authorized the court to tax the reasonable expenses of any reference "under proceedings heretofore taken under the act hereby amended." Thus provision was made for the taxation of the expenses of any reference that should be ordered in the future, as well as for any that had been ordered in the past. As this would have required a re-taxation of the expenses of references previously had, when they had already been taxed, the legislature dispensed with that formality by providing that the expenses theretofore taxed, as well as those thereafter to be taxed, should be a charge upon the municipality interested. The statute as thus read, provides for the payment of the expenses : (1) of such references as should be ordered in the future ; (2) of such as had been ordered, but the expenses had not been taxed, and (3) of such as had been ordered and the expenses had already been taxed. We think that it was the design of the legislature to limit the expenses to be allowed, whether in past or future references, to the compensation and disbursements of the referee, and that the phrase "reasonable expenses of any reference," when the context is considered, means the same as the "reasonable expenses of the referee." In the absence of express language, it would be unreasonable to suppose that the legislature intended to allow counsel fees in references previously ordered, without its express authority, and to withhold them in references to be ordered, pursuant to its direct authorization. But, however this may be "the reasonable expenses of any reference" whether "heretofore or hereafter taxed," are expressly confined to proceedings

taken before the act was amended.  The words "under pro-
·ceedings heretofore taken under the act hereby amended,"
necessarily refer to references previously had, because they
would be inconsistent and absurd if they referred to references
not yet ordered, or even authorized.  "Proceedings hereto-
fore taken," mean such as were instituted before the amend-
ment was passed, while "proceedings hereunder to be taken"
mean such as should be instituted after the amendment was
passed.  The proceeding in question comes within the latter
·class, because it was not commenced until some years after the
.amendment went into effect.  It is controlled, therefore, by
that part of the section which empowers the General Term to
·certify " the reasonable expenses of the referee."  Even if the
subsequent provision as to " the reasonable expenses of any
reference " has a more extended meaning, it has no application
to the case in hand.  We think, therefore, that the learned
General Term inadvertently exceeded its power when it certi-
·fied and taxed the counsel fees and disbursements of the parties
·to the proceeding and directed the payment of the same.

We also think that we have jurisdiction to review that part
of the order appealed from by the city of Buffalo, at least,
because it was a final order, affecting a substantial·right, made
in a special proceeding.  (Code Civ. Pro. §§ 190, 3333, 3334;
*Re N. Y., W. S. & B. R. R. Co.*, 94 N. Y. 287; *Bergen* v.
*Carman*, 79 id. 146; *Sturgis* v. *Spofford*, 58 id. 103; *McGregor*
·v. *Comstock*, 19 id. 581.)

The appeal involves the power of the General Term to make
any allowance for the compensation of counsel, not its discre-
tion as to the amount that should be allowed, provided it had
jurisdiction to allow anything for that purpose.  No question
·as to the allowance of costs, as such, to be paid by one party to
another, is presented, but simply the power to certify and tax
certain sums for the benefit of counsel, which sums, when thus
·certified and taxed, are declared by statute a charge against the
municipal corporation where the officer sought to·be removed
discharged the functions of his office.  The statute regards the
·complainant as a party to the proceeding, because it authorizes

the General Term to require him to give security for the expenses incident to the hearing and determination of the charges. The proceeding was, therefore, a prosecution by a party within the meaning of section 3334 of the Code, although, as public interests were involved, he would not be allowed to discontinue the same without leave of the court.

We think that the order appealed from should be modified by striking out that part which taxes and certifies the sum of $1,600 as counsel fees and disbursements for the complainant, but without costs, because the notice of appeal was too broad inasmuch as it was "from the whole and every part of said order, certifying and taxing the expenses of the reference herein."

The motion of the complainant for leave to withdraw his appeal from the adjudication of the General Term upon the merits of the controversy, should be granted, because the points involved have become abstract questions by reason of events transpiring since the appeal was taken. As this motion is not opposed, it is granted without costs.

All concur, except Haight, J., not voting.

Ordered accordingly.