In the Matter of Objections to Certificates of Nomination as Member of Assembly for the Second Assembly District of Westchester County.

RICHARD S. EMMET, JR., Appellant; JOSEPH E. ENNIS, Respondent.

1. THE ELECTION LAW — CERTIFICATES OF NOMINATION — APPEAL. An appeal lies to the Appellate Division of the Supreme Court from an order made under the Election Law (Laws of 1896, chap. 909, § 56) reviewing the determination of the filing officer upon a contested certificate of nomination.

2. REVIEW OF DETERMINATION UPON CERTIFICATE OF NOMINATION — LIMITATION OF TIME — APPELLATE DIVISION. The provision of the Election Law (§ 56), that an order, reviewing the determination of the

officer with whom a contested certificate of nomination has been filed, must be made on or before the last day fixed for filing certificates of nominations to fill vacancies with such officer, applies only to the original order of review provided for therein, and does not limit the time within which the Appellate Division of the Supreme Court may entertain and adjudicate an appeal from such original order.

*Matter of Emmet,* 9 App. Div. 237, reversed.

(Argued October 28, 1896; decided October 29, 1896.)

APPEAL from order of the Appellate Division of the Supreme Court in the second judicial department, made October 26, 1896, which dismissed an appeal from an order of a justice of the Supreme Court, entered October 19, 1896, which reversed a determination of the county clerk of Westchester county that the appellant was the regular nominee of the Republican party for member of assembly and filing his certificate and ordered the filing of respondent's certificate.

The facts, so far as material, are stated in the opinion.

*James M. Hunt, B. F. Tracy* and *Roger M. Sherman* for appellant. The Appellate Division should not have dismissed the appeal either upon the ground specified in its order, or upon the grounds or reasons stated in the prevailing opinion of the Appellate Division. (Laws of 1896, chap. 909, §§ 86, 87, 89; *In re Cuddeback,* 3 App. Div. 103; Code Civ. Proc. § 719.)

*Frank Millard, J. Rider Cady* and *Henry C. Henderson* for respondent. The order of the justice of the Supreme Court, entered herein October 19, 1896, is not appealable. (Laws of 1896, chap. 909, § 56; *In re Woodworth,* 64 Hun, 524.)

O'BRIEN, J. We have concluded, for public reasons, to hear this case informally upon the papers filed in the clerk's office and without any printed record. The brief time available for the examination and disposition of the case will permit little more than a bare statement of the result at which we have arrived.

The existence of factional divisions in the Republican party in Westchester county has resulted in the nomination of two candidates for member of assembly in the second district. Both candidates presented to the county clerk certificates of nomination, as required by the Election Law, and each made objections against the regularity of his opponent's nomination. It was the duty of the county clerk in the first instance to decide this contest and determine which was the regularly nominated candidate. In performing this duty it became necessary to decide all questions of fact involved in the question of regularity, and he held that the appellant, Richard S. Emmet, was the regular nominee and filed his certificate. He held that Ennis, the other claimant, was not regularly nominated and rejected his certificate. The latter, however, applied to a justice of the Supreme Court, on a petition stating the facts, for a review of the action of the clerk. The judge entertained the application, and after a hearing reversed the determination of the clerk and ordered the other certificate to be filed. This order was made on the 17th of October, but not entered until the 19th. An appeal from the order to the Appellate Division was perfected on the 20th of that month and brought to argument on the 26th, and the court dismissed the appeal on the ground, as we understand from the papers, that the court had no power to hear it or make any order in the premises. From this order dismissing the appeal the applicant has appealed to this court. Since the Appellate Division has made no decision or determination of the controversy, either upon the law or the facts, we have no power to examine into the merits, but must confine ourselves to the question whether the Appellate Division had the power to hear and decide the case upon the facts contained in the record.

The Election Law provides that when a certificate has been filed by the clerk, the Supreme Court or any justice thereof within the judicial district, or any county judge within the county, shall have summary jurisdiction to review the determination and make such order as justice may require,

but the order must be made on or before the last day for filing certificates of nomination to fill vacancies, and this time expired on the 19th of October. The appeal was dismissed for the reason that the limitation applied to the Appellate Division as well as the other judicial officers having power to make the order, and hence that court could not, on the 26th of October, make an order which the statute required to be made not later than the 19th.

It will be seen that the statute makes no provision for an appeal from the order of the judge, and the order there mentioned which must be made within a specified time is the original order made in the first instance by the Special Term or judge. The limitation does not apply to any order made by the Appellate Division on appeal, since no such appeal is contemplated by that statute. But as the order is one made in a special proceeding, and is not in terms or by implication made final, an appeal can, we think, be taken to the Appellate Division under the general provisions of the Code. The right of appeal is practically conceded, but it is urged that the court has no power to decide it after the expiration of the time limited for making the order.

We think that this is not the true meaning of the statute. When the right of appeal is conceded, as we think it must be, the jurisdiction of the Appellate Division attaches when the appeal is made and continues until the case is heard and decided. The power to decide an appeal regularly made is not lost by the lapse of time, but may be exercised even after the election. The limitation as to time applies to the court of original jurisdiction and not to another court that has power to review the order.

It is quite true that the facts and circumstances which may appear on the hearing of the appeal may be of such a character as to warrant the court, in the exercise of a wise discretion, in declining to make a decision that can have no practical effect upon the parties or in the settlement of a question that affects the public. But the learned court below did not reach that feature of the case. The appeal was dismissed on the

ground that the power of the court to make any order was
lost by the lapse of time.   We think that its power and juris-
diction to hear a case pending before it, as this was, remained
unimpaired by the circumstance that the last day for filing
certificates to fill vacancies had expired.

The order appealed from should be reversed, and the case
remanded to the Appellate Division for such further proceed-
ings as it may deem proper.   No costs allowed to either party.

All concur.

Order reversed.