THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED GUIBORD, President of the Village of Plattsburgh, and Others, Relators, *v.* S. ALONZO KELLOGG, Justice of the Supreme Court of the State of New York, Respondent.

*Proceeding by taxpayers to prevent waste — a decision thereon is not reviewable by certiorari — a notice of appeal will not be incorporated into the record.*

A proceeding taken under the General Municipal Law (Laws of 1892, chap. 685, § 3) by resident freeholders of a village, who claim that its officers are unlawfully expending the moneys raised by taxation therein, and who ask an investigation, is a special proceeding within the definition contained in sections 3333 and 3334 of the Code of Civil Procedure, and the decision of the justice therein is not, under section 2121 of that Code, reviewable by a writ of certiorari.

Where a decision has been attempted improperly to be reviewed by certiorari, the court will not incorporate a notice of appeal (although actually served) into the record.

CERTIORARI issued out of the Supreme Court and attested on the 6th day of May, 1897, directed to S. Alonzo Kellogg, a justice of the Supreme Court of the State of New York, commanding him to certify and return to the office of the clerk of the county of Clinton all and singular the proceedings taken before him, under section 3 of chapter 685 of the Laws of 1892, known as the Municipal Law.

*Wheeler & Woodward* and *Edgar T. Brackett,* for the relators.

*William L. Pattison* and *R. Corbin,* for the respondent.

PARKER, P. J.:

This matter comes before us on the return to a writ of certiorari, issued to review the determination of a justice of this court in proceedings taken under section 3 of chapter 685 of the Laws of 1892, known as the " General Municipal Law."

The proceedings were instituted upon the affidavits of residents and freeholders of the village of Plattsburgh, claiming that the officers of such village were unlawfully expending the moneys raised by taxation therein, and asking that the financial affairs of the village and the accounts of such officers be investigated.   The justice has made a decision adverse to such officers.   They now seek to review such determination, and the first question presented to us is whether the writ of certiorari can properly be issued for such a purpose.

Section 2121 of the Code provides that a writ of certiorari cannot be issued to review the determination of a judge of a court of record in an action or special proceeding.   And if the proceeding under this statute is to be deemed a " special proceeding," it is clear that the writ has been improvidently granted, and that it cannot be effectual to review the determination complained of.

The proceeding is instituted " pursuant to a special statutory provision."   It is authorized and made upon the application of parties who claim that their rights as taxpayers are being injuriously affected by the unlawful action of the municipal authorities.   Under its provisions a summary investigation may be had, and, if the claim of the petitioners is sustained, relief against such unlawful act, by injunction, may be awarded.   Also, costs may be given against the defeated party.   Here is a proceeding by certain parties, against

certain other parties, who it is claimed are injuring them, for the protection of their rights and the prevention of the contemplated wrong, and it would seem to be clearly within the definition of a "special proceeding" as given in sections 3333 and 3334 of the Code.

In the following cases appeals have been allowed therein upon the ground that they were "special proceedings," yet neither of them conforms to the definition above referred to, any more clearly than does the case before us. (*Matter of King*, 130 N. Y. 602, 606; *Matter of Emmet*, 150 id. 538, 541; *Marvin v. Marvin*, 78 id. 541, 543; *Matter of Ryers*, 72 id. 1, 4; *Matter of Cooper*, 22 id. 67.)

So, also, by section 1356 of the Code, an appeal is allowed to the appellate court from an *order* made by a *justice* of the Supreme Court "in a special proceeding instituted before him pursuant to a special statutory provision," thus recognizing that a proceeding had before a judge pursuant to statutory authority such as is given in this case, may be a special proceeding, from which an appeal will lie.

We conclude, therefore, that the proceeding in which the determination now sought to be reviewed was made, was a special proceeding, and that, therefore, the same cannot be reviewed by certiorari.

Upon the argument it was asked that, if this court should reach that conclusion, the relator be allowed to annex to this record a notice of appeal, which it is claimed has been served in this proceeding, and that we decide the case upon its merits as if such appeal was now before us.

This record does not contain any evidence that such an appeal has been taken, and no consent that we so consider the matter is given on the part of the taxpayers. The relators are in no condition to ask now for a decision upon an appeal which the record before us does not show is pending, and which very clearly has never been brought to a hearing before us.

The certiorari in this matter must be quashed, upon the ground that it is prohibited by the Code in such a proceeding, with fifty dollars costs and disbursements against the relators.

All concurred.

Writ of certiorari quashed, with fifty dollars costs and disbursements.