PEOPLE ex rel. GUIBORD et al. v. KELLOGG, Justice.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. CERTIORARI—WHEN GRANTED—SPECIAL PROCEEDING.
   A proceeding, instituted upon affidavits of residents and freeholders, to investigate the financial affairs of the village and the accounts of its officers, before a justice of the supreme court, under Laws 1892, c. 685, § 3, is a special proceeding, within Code Civ. Proc. §§ 3333, 3334, defining a "special proceeding" as any other than an ordinary prosecution; and certiorari cannot be issued to review the determination made therein, under section 2121, prohibiting the issuance of such writ to review a determination of a judge in a special proceeding.

2. SAME—NOTICE OF APPEAL.
   Where a certiorari must be quashed, the petitioner is not entitled to have a notice of appeal annexed to the record, and then have the case decided on its merits, as though an appeal had been taken, where the record does not show that an appeal had in fact been taken.

Certiorari, on the relation of Alfred Guibord, president, etc., and others, trustees, of the village of Plattsburg, and another, against S. A. Kellogg, justice of the supreme court. Quashed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Wheeler & Woodward (Edgar T. Brackett, of counsel), for relators. William L. Pattisson (R. Corbin, of counsel), for respondent.

PARKER, P. J. This matter comes before us on the return to a certiorari issued to review the determination of a justice of this court in proceedings taken under section 3 of chapter 685 of the Laws of 1892, known as the "General Municipal Law." The proceedings were instituted upon the affidavits of residents and freeholders of the village of Plattsburg, claiming that the officers of such village were unlawfully expending the moneys raised by taxation therein, and asking that the financial affairs of the village and the accounts of such officers be investigated. The justice has made a decision adverse to such officers. They now seek to review such determination, and the first question presented to us is whether the writ of certiorari can properly be issued for such a purpose. Section 2121 of the Code of Civil Procedure provides that a writ of certiorari cannot be issued to review the determination of a judge of a court of record in an action or special proceeding. And, if the proceeding under this statute is to be deemed a "special proceeding," it is clear that the writ has been improvidently granted, and that it cannot be effectual to review the determination complained of. The proceed-

ing is instituted "pursuant to a special statutory provision." It is authorized and made upon the application of parties who claim that their rights as taxpayers are being injuriously affected by the unlawful action of the municipal authorities. Under its provisions a summary investigation may be had, and, if the claim of the petitioners is sustained, relief against such unlawful act, by injunction, may be awarded; also, costs may be given against the defeated party. Here is a proceeding by certain parties against certain other parties, who, it is claimed, are injuring them, for the protection of their rights and the prevention of the contemplated wrong; and it would seem to be clearly within the definition of a "special proceeding," as given in sections 3333 and 3334 of the Code. In the following cases, appeals have been allowed therein upon the ground that they were special proceedings, yet neither of them conforms to the definition above referred to any more clearly than does the case before us: In re King, 130 N. Y. 602–606, 29 N. E. 1096; Emmet v. Ennis, 150 N. Y. 538–541, 44 N. E. 1102; Marvin v. Marvin, 78 N. Y. 541–543; In re Ryers, 72 N. Y. 1–4; In re Cooper, 22 N. Y. 67. So, also, by section 1356 of the Code an appeal is allowed to the appellate court from an order made by a justice of the supreme court "in a special proceeding instituted before him pursuant to a special statutory provision"; thus recognizing that a proceeding had before a judge pursuant to statutory authority such as is given in this case may be a special proceeding from which an appeal will lie. We conclude, therefore, that the proceeding in which the determination now sought to be reviewed was made was a special proceeding, and that, therefore, the same cannot be reviewed by certiorari.

Upon the argument it was asked that, if this court should reach that conclusion, the relators should be allowed to annex to this record a notice of appeal, which it is claimed has been served in this proceeding, and that we should decide the case upon its merits, as if such appeal was now before us. This record does not contain any evidence that such an appeal has been taken, and no consent that we so consider the matter is given on the part of the taxpayers. The relators are in no condition to ask now for a decision upon an appeal which the record before us does not show is pending, and which very clearly has never been brought to a hearing before us.

The certiorari in this matter must be quashed, upon the ground that it is prohibited by the Code in such a proceeding, with $50 costs and disbursements against the relators. All concur.