In the Matter of Objections to the Certificate of Nomination of JOSEPH P. HENNESSY for State Senator for the Twenty-first Senatorial District.

In the Matter of Objections to the Certificate of Nomination of RICHARD H. MITCHELL for State Senator for the Twenty-first Senatorial District.

RICHARD H. MITCHELL, Appellant; JOSEPH P. HENNESSY, Respondent.

*Election* — *a determination, by the officer with whom certificates of nomination are filed, of conflicting claims of candidates* — *it must be made fifteen days before the election.*

Under section 56 of the Election Law (Laws of 1896, chap. 909, as amd. by Laws of 1898, chap. 335), authorizing a review of the determination of the officer with whom a certificate of nomination is filed upon any question arising with reference to the certificate, and providing "but the final order must be made on or before the last day fixed for filing certificates of nominations to fill vacancies with such officer, as provided in subdivision one of section sixty-six of this article," the court in which is instituted a proceeding to review the determination of the police board of the city of New York upon the conflicting claims of two candidates, must determine the question at least fifteen days before the election.*

---

* This decision was reversed by the Court of Appeals on November 2, 1900. See 164 N. Y. 393.— [REP.

APPEAL by Richard H. Mitchell from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of October, 1900, reversing a decision made by the police board of the city of New York to the effect that Richard H. Mitchell had been regularly nominated as the Democratic candidate for State Senator for the twenty-first senatorial district.

*John F. McIntyre*, for the appellant.

*Samuel H. Ordway*, for the respondent.

PER CURIAM:

The question presented on this appeal arises under the provisions of the Election Law (Chap. 909, Laws of 1896, and its amendments); and the first objection taken by counsel for the appellant to the order appealed from is that, the same having been made less than fifteen days before the day of election, the court lost jurisdiction of the proceeding and the motion was granted without authority.

The facts affecting this question are not disputed. There were filed with the police board of the city of New York two certificates of nomination for Senator for the twenty-first senatorial district, both apparently regular in form, one certifying to the nomination of Richard H. Mitchell, and one certifying to the nomination of Joseph P. Hennessy, as the Democratic candidate for said office. Objections to said certificates were duly filed, pursuant to section 85 of the Election Law; and the police board, after hearing such objections, decided in favor of Mitchell and against Hennessy. Hennessy thereupon petitioned to the Supreme Court to review the decision of the police board, pursuant to the provisions of section 56. The dates of the decision by the police board, of the application to the court to review its action, and of the making of the order of the Supreme Court are as follows:

On the morning of the 22d of October, 1900 — which was the fifteenth day before the day of election — the police board announced its decision, and immediately the respondent Hennessy applied to the Supreme Court to review the same. That application came on for hearing on the afternoon of the same day, and was heard by a justice of the Supreme Court at Special Term, who reserved his

decision until the twenty-fifth of October, and an order was entered reversing the action of the police board on the twenty-sixth of October, and it is from that order entered on the twenty-sixth of October that this appeal is taken.

It is conceded that the twenty-second of October — the day upon which the application was made to the court to review the action of the police board — was the fifteenth day before the day of election, and that the order reversing the order of the police board was made and entered on the twenty-sixth of October, eleven days only before the day of election. The counsel for the appellant insists that the court lost jurisdiction of the proceedings when it failed to make and enter an order disposing of the application on or before the last day fixed for filing the certificates of nominations to fill vacancies, as provided in subdivision 1 of section 66 of the Election Law.

By section 58 it is provided that certificates of nomination of candidates for office to be filled only by the electors, or a portion of the electors of the city of New York, shall be filed with the police board of the city of New York in the office of the superintendent of elections. By section 56 of the act, as amended by Laws of 1898, chapter 335, it is provided that "If there be a division within a party, and two or more factions claim the same, or substantially the same device or name, the officer aforesaid shall decide between such conflicting claims, giving preference of device and name to the convention or primary, or committee thereof, recognized by the regularly constituted party authorities. Any questions arising with reference to any device, or to the political party or other name designated in any certificate of nomination filed pursuant to the provisions of this section, or of section fifty-seven of this article, or with reference to the construction, validity or legality of any such certificate, shall be determined in the first instance by the officer with whom such certificate of nomination is filed. * * * The supreme court, or any justice thereof, within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review the determination and acts of such officer, and to make such order in the premises as justice may require, but the final order must be made on or before the last day fixed for filing certificates of nominations to fill vacancies with such officer, as provided in subdivision one of section sixty-six of this article." By subdivision

1 of section 66 it is provided that "Except in a case as provided for in subdivision two of this section, the said certificate shall be filed in the office in which the original certificate was filed, at least six days before the election, if filed in the office of a town or village clerk; at least fifteen days before the election if filed with the county clerk or the board of police commissioners of the city of New York, * * * or the city clerk of any other city; and at least fifteen days if filed with the secretary of state, and upon being so filed shall have the same force and effect as an original certificate of nomination."

We have, by this provision of the Election Law, a system established by which the certificates of party nominations are to be ascertained, and a period fixed at which such certificates are to become final, and from which the public officers are charged with the duty of preparing the official ballot. Except as provided for by subdivision 2 (which does not affect this question), the act seems to contemplate that fifteen days prior to the day of election in the city of New York, the nominations of the various parties, the names of whose candidates are to be placed upon the official ballot, shall become fixed; and no provision is made for a subsequent change in those names. The times fixed by all the provisions of the statute plainly contemplate a definite period before the day of election after which no change can be made in the official ballot, the form of the official ballot being then determined. After the determination by the police commissioners, the statute gives to the Supreme Court or to a justice thereof jurisdiction to review the action of the police commissioners. It is by virtue of the provisions of this statute, and of this statute only, that the court acquires any jurisdiction to pass upon the question; and by the clause giving to the court this jurisdiction, the time in which it is to act by its final order is limited to the period of fifteen days before the day of election. Thus upon the very provision conferring jurisdiction there is engrafted a limitation of time, which would appear to be a substantial restriction upon the jurisdiction granted, prohibiting any exercise of that jurisdiction except as provided for in the section mentioned.

That this was the intention of the Legislature seems to be conclusively established when we consider the course of legislation upon this subject.

In 1892 the Legislature passed a General Election Law, being

chapter 680 of the laws of that year. Provisions were made for the filing of nomination certificates with various officers, depending upon the locality from which the candidate was to be elected; and section 65 provided that a certificate of nomination which is in apparent conformity with the provisions of this article shall be valid, unless written objection thereto shall be filed in the office in which the certificate is filed within three days after the filing of the certificate. If such objection be filed, notice thereof was to be forthwith mailed to all candidates who might be affected thereby, addressed to them at their respective places of residence as given in the certificate. The officer with whom the certificate is filed was empowered in the first instance to pass upon the validity of the objection, and his decision was final unless an order should be made in the matter by a court of competent jurisdiction, or by a justice of the Supreme Court at chambers on or before the Wednesday preceding the election. Such order might be made summarily upon application of any party interested, and upon such notice of not less than twenty-four hours, as the court or justice might require.

By chapter 810 of the Laws of 1895 the Election Law was amended and the provision for review was enacted in section 56, as follows: "The supreme court, or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review the determination and acts of such officer, and to make such order in the premises as justice may require. Such a complaint shall be heard upon such notice to such person as the said court or justice or judge thereof shall direct."

It will be noticed that, under those latter provisions, no limitation of time for review was fixed. At the next session of the Legislature the law was again amended by limiting the time within which the order should be made. By chapter 909 of the Laws of 1896 the General Election Laws were revised, and to the language which has previously been quoted from chapter 819 of the Laws of 1895 was added the words: "But such order must be made on or before the last day fixed for filing certificates of nominations to fill vacancies with such officer as provided in subdivision one of section sixty-six of this article."

In *Matter of Emmet* (150 N. Y. 538) this provision of the

Election Law was construed by the Court of Appeals, the question there being as to whether, after the expiration of the time limited for the making of the order by the court of original jurisdiction, an appeal could be determined by an appellate tribunal. The court there held that the limitation as to time applied to the court of original jurisdiction and not to another court that has power to review the order. The limitations in the act of 1896 having been thus construed by the Court of Appeals, in 1898 the Legislature passed an act further amending this provision. By chapter 335 of the Laws of 1898, section 56 changed the words "but such order must be made," etc., to "but the final order must be made," etc., thus clearly indicating that it was the intention of the Legislature that no order should be made, either by the court of original jurisdiction or by the appellate court which could affect the form of the ballot after the expiration of the time which had been limited, it being evidently the intention that in the city of New York the public authorities should have at least fifteen days before the day of election in which to make the necessary preparation for furnishing the people with their ballots, which it was made their duty to do by the law. It was apparent that unless some such rule existed there would be no time at which the authorities could be certain that the form of the ballot had been absolutely fixed so that they could go on and print the same, and thus conform to the law in respect to their distribution. If the form of the ballot could, by an order of the court, be changed the day after the expiration of the fifteen days fixed by the statute, it might be done the day before the day of election, and thus render it physically impossible for the authorities to perform the duties which the law imposed upon them with respect to the furnishing of ballots.

It is with regret that we are forced to reach this conclusion in this particular case, because it seems to us that a great injustice has been done to the respondent Hennessy, which the court is powerless to redress.

The order must be reversed and the application denied.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ.

Order reversed and application denied.