(65 App. Div. 11.)

PEOPLE ex rel. BEHRMAN v. VOORHIS, President, et al.

(Supreme Court, Appellate Division, First Department.  October 21, 1901.)

ELECTIONS—INDEPENDENT NOMINATION OF CANDIDATES—ALDERMEN.

> Under Election Law, § 57, relating to the independent nomination of candidates, and providing that 25 or more voters of a ward may nominate candidates for offices to be filled by voters of such ward, a petition signed by 130 electors of an aldermanic district placing relator in nomination for the office of alderman is sufficient to authorize a certificate

of independent nomination, though the district comprises only part of a ward, and the statute makes no provision for independent nominations for the office of aldermen, or for aldermanic districts less in extent than a ward.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Mandamus by the people, on relation of John H. Behrman, against John R. Voorhis, president, and others, constituting the board of elections, to compel the production and filing of his certificate of independent nomination for the office of alderman. From an order denying the application, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William N. Cohen, for relator.

Horace E. Deming, relator's counsel on the part of the Citizens' Union.

Arthur C. Butts, for respondents.

HATCH, J. The facts in this case are undisputed. The relator presented to the board of elections of the city of New York a petition signed by 130 electors of the Forty-Fourth aldermanic district of said city, placing him in nomination for the office of alderman of that district, and demanded that the same be filed under the statute as a certificate of independent nomination. The board refused to file the certificate, and an order was obtained requiring the members of said board to show cause why they should not produce the said certificate, and why they should not file the same as a certificate of independent nomination. Upon the return of the order the special term denied the motion, and from the order so made this appeal is taken.

None of the facts alleged in the moving affidavits are disputed, and from them it appears that the aldermanic district in question is composed of five election districts, located within the Twenty-Fourth ward of the city of New York. The revised charter of the city of New York creates 73 aldermanic districts, and the one in question embraces only about one-third of the said Twenty-Fourth ward. The decision of the special term is based, as appears from the opinion of the justice holding the term, upon the proposition that the election law (section 57) makes no provision for independent nominations for the office of alderman; that neither the office of alderman nor aldermanic district is mentioned in the statute, and therefore there is no authority in the section, which is the sole source of authority, for the making or filing of certificates of independent nominations in such cases. The section in question does not assume in each instance to name the particular office for which nominations may be made in the manner prescribed in the section. On the contrary, the provision relating to the offices for which candidates may be nominated is in general terms; the only exception being that which relates to a member of assembly and school commissioner, they being the only offices named in the section in terms. It is apparent, therefore, that failure to name the office of alderman or failure to specify an aldermanic

district is not controlling of the question involved. The scheme of section 57 is quite plain, and it is evident that it was the legislative intent to confer the right to make independent nominations in the state at large, and in every civil division thereof where an officer was to be elected; the intent being to confer upon a specific number of electors the right to make nominations for every office to be filled at any election, whether it be a state officer, or one selected from the smallest division of the state. Such being the intent, it is plainly evident that the form of nomenclature used to designate a particular division is of small consequence, where the purpose is to confer the right upon a given number of electors to nominate a particular officer. Under such circumstances it is a familiar rule of construction for courts to give force and effect to the intent of the legislature, even though it involves the disregard of some words and the insertion of others, or so construing the language used as will permit of a conclusion in accordance with such intent. People v. Commissioners of Taxes of City of New York, 95 N. Y. 554.

The purpose and object of the election law is to secure the rights of duly-qualified electors, and neither to defeat nor abridge the enjoyment of such rights. And the statutory regulations are so to be construed as to secure the utmost freedom in this respect, consistent with such safeguards as have been found essential to prevent fraud. People v. Wood, 148 N. Y. 147, 42 N. E. 536. Whenever the right of the elector is clear, the courts have adopted the most liberal rule of construction, in order that the right may be fully and completely exercised. Emmet v. Ennis, 150 N. Y. 538, 44 N. E. 1102; In re Hennessy, 164 N. Y. 393, 58 N. E. 446. The right to place persons in nomination for a public office rests upon the same basis as does the right of the elector to cast his vote and have the same counted. In re Norton, 34 App. Div. 79, 53 N. Y. Supp. 1093.

Applying these rules of construction to the section in question, we have no difficulty in reaching the conclusion that the provision for nomination of candidates for public office to be voted for only by electors of a town or a ward of a city or a village embraces within its scope the aldermanic district, even though it be not coterminous with a ward or of another civil division, if in fact it be embraced therein and form a part thereof. To hold otherwise would be to deprive the body of electors which the statute names as being competent to make a nomination from presenting candidates to be voted for in such civil division, and this would nullify the plain intent of the legislature to confer upon the respective bodies of electors such right. A construction of this language which denies the right, or which limits its application to the election of an officer in a district coterminous with the bounds of a ward, would lead to a practical absurdity in application to the civil divisions of this city wherein aldermanic candidates are selected. It appears from section 19 of the charter of Greater New York that there are 4 wards within the city in which the aldermanic districts are coterminous with the ward lines. In the 65 other districts the division is different. A literal construction of the language of section 57 relating to the nomination of candidates to be voted for in wards would authorize independent nominations in

4 aldermanic districts, and deny the same right in the other 69. Such a result would be palpably absurd, and the construction of a statute which works a palpable absurdity will always be avoided. Commonwealth v. Kimball, 24 Pick. 370. It follows, if these views are sound, that the number of qualified electors essential to make a nomination within a ward are sufficient to make a nomination for office in a division less than the ward, but contained within it. In the present case the certificate is signed by 130 electors, and was therefore sufficient to place the candidate in nomination for alderman, and it became the duty of the board of elections to file such certificate as an independent nomination.

The order should therefore be reversed, and a peremptory writ of mandamus be directed to issue. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. (dissenting). It is clear, and it seems to be conceded by the opinion of the majority of the court, that the relator's case is not mentioned in the statute. But as this was probably an inadvertent omission upon the part of the framer of the statute and also of the legislature, and would have probably been corrected had their attention been called to the omission, and as it would be a great hardship to deprive the relator of the benefits of the statute, the majority of this court proposes to supply the omission of the legislature, and amend the statute to conform to what it thinks was the intention of that body,—under the very transparent guise of construction, legislating into the statute provisions which it does not contain. I think that this should not be done. The power of legislation is not vested in the courts, nor is it one of their functions to supply omissions which the legislature has made in the conduct of its work. This is usurping a power not vested by the constitution in the courts.