1. MUNICIPALITIES—FINANCIAL AFFAIRS—INVESTIGATION—DISQUALIFICATION OF JUDGE.

The freeholders of a town instituted a proceeding under General Municipal Law, § 3 (Laws 1892, p. 1733, c. 685), in the county in which the town was situated, before the only justice of the Supreme Court residing in that county. *Held* a special proceeding, as defined by the Code of Civil Procedure, and on disqualification of the justice to hear the proceeding, properly continued, under Code Civ. Proc. § 52, before a justice of the Supreme Court residing in another county.

In the matter of the investigation of the financial affairs of the town of Hadley. Application by 25 freeholders for the investigation. Motion to continue.

.C. S. Enches (T. W. McArthur, of counsel), for freeholders, for the motion.

Charles G. Fryer, for Smith Roods, opposed.

Fred B. Bradley, for Cowles & Kathan, opposed.

SPENCER, J. This is a proceeding instituted by 25 freeholders of the town of Hadley, Saratoga county, for an investigation into the financial affairs of the town. The authority for such an investigation

is conferred by section 3 of the General Municipal Law (Laws 1892, p. 1733, c. 685). The petition was presented to Mr. Justice Houghton, who did not make the investigation, but by order appointed William T. Moore as an expert to perform that duty. The expert entered upon the discharge of his duties, and made a report bearing date January 2, 1902. Thereafter the petitioners applied for confirmation and for an order directing the publishing of the report, and for the taxation of the expenses of the proceedings. This motion was heard by the justice, but before decision made, he was assigned to service upon the appellate bench of this court. The present application is a motion to continue the proceedings before me in the county of Fulton.

Certain officers of the town have appeared and objected to the hearing, on the ground that there is no authority in law for continuing the matter before another justice. Inasmuch as all the parties concede that Mr. Justice Houghton is disqualified, I shall assume that such is the case. It has been held that a matter of this character falls within the definition of the term "special proceeding," as defined by the Code of Civil Procedure. People ex rel. Guibord v. Kellogg, 22 App. Div. 176, 47 N. Y. Supp. 1023; Matter of Town of Hempstead, 36 App. Div. 321, 55 N. Y. Supp. 345. As there is nothing in the General Municipal Law which provides for continuing the matter before another justice in case of the disability of the justice before whom it was instituted, I am of the opinion that the proceedings must lapse unless authority for continuing the same is found in section 52 of the Code of Civil Procedure. I have not been referred to, nor have I been able to discover, any other provision of law which may be regarded as applicable.

It is earnestly contended by those opposing this motion that the office of justice of the Supreme Court is not included within the provisions of the section, and that the officer referred to therein is only an officer of the county or of an adjoining county. I am of the opinion, however, that the language does not refer exclusively to county officers. The language of the statute is apparently satisfied by any officer having jurisdiction to act in the proceedings within the county wherein they are instituted; and if this be so, a continuance may be before the officer's successor, or any other officer residing in the same county before whom it might have been originally instituted; or if no such officer resides in the county, or in case any such officer is disqualified, then before such officer residing in an adjoining county who would originally have had jurisdiction of the subject-matter if it had occurred or existed in the county in which such officer resided. The court may take judicial cognizance that Mr. Justice Houghton is the only justice of this court residing in the county of Saratoga. It is conceded that he is now disqualified. The justice before whom these proceedings are sought to be continued resides in Fulton county, a county adjoining that in which the proceedings were instituted, and thus seems to fulfill the express terms of the statute. It may be that in case no justice had resided in an adjoining county, the proceedings would have lapsed, for the reason that the statute does not provide for such a contingency; but as to that question, I express no opinion.

The preliminary objection is overruled. The motion will be heard

upon the merits at the Special Term rooms in the city of Gloversville, Fulton county, at such time as may hereafter be agreed upon and as stipulated for at the time of the hearing of the preliminary objection.

Ordered accordingly.