Spain, J.
Appeals from an order of the Supreme Court (Ferradino, J.), entered May 10, 2012 in Saratoga County, which, among other things, granted petitioners’ application, in a proceeding pursuant to General Municipal Law § 4, to make a summary investigation into the financial affairs of respondents.
Petitioners, 32 freeholders of the Village of Victory, Saratoga County, applied in February 2012 pursuant to General Municipal Law § 4 for an order directing a summary investigation into the financial affairs of respondents, Village of Victory, David Nevins Fire Department and Schuylerville/Victory Water Board. Each petitioner submitted an affidavit asserting, among other things, that he or she is a freeholder who paid taxes on real property during the previous fiscal year and that he or she believed that “tax, water and sewer moneys collected . . . may have been corruptly and/or unlawfully expended” (see General Municipal Law § 4).
Respondents each submitted answers denying the allegations contained in the affidavits and asserting several objections in point of law. Supreme Court subsequently granted petitioners’ application, without a hearing, directing that a summary investigation be made into the financial affairs of respondents and appointing an investigator. Respondents now appeal, arguing, among other points, that the summary investigation should not have been ordered without a hearing.
This appeal must be dismissed as there is no appeal as of right from Supreme Court’s order in this statutory special proceeding directing a summary investigation (see CPLR 5701 [a]; see also CPLR art 4; cf. Matter of Taxpayers of Plattsburgh, 157 NY 78, 83 [1898] [decided under General Municipal Law § 3, predecessor statute to General Municipal Law § 4]; People ex rel. Guibord v Kellogg, 22 App Div 176 [1897] [appeal lies from final determination in special proceeding]; CPLR 411).* Although certain respondents contend, seemingly persuasively, that Supreme Court is not authorized by General Municipal Law § 4 to direct an investigation against them as they are not a “village” or “town,” this Court cannot grant their requested relief in the absence of an appealable order. We note that respondents could have moved in Supreme Court to dismiss on this ground within the time allowed for an answer; having properly raised this defense as an objection in point of law in *989 their answer, respondents are entitled to pursue summary dismissal of this special proceeding in that court, in the first instance (see CPLR 404 [a]; see also CPLR 7804 [f]; Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7804:7 at 673-675). At this juncture, those claims could only be addressed by this Court in a special proceeding pursuant to CPLR article 78 in the nature of prohibition, instituted in this Court (see CPLR 506 [b] [1]; 7803 [2]; Matter of Holtzman v Goldman, 71 NY2d 564, 568-570 [1988]).
Lahtinen, J.E, Stein and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.

 To the extent that Matter of Village of Monticello (211 App Div 826 [1924]) suggests that the subject order is appealable, it should not be followed.