## Samuel N. Rawson v. Isaac Parsons, Jr.

The statute (*Comp. L.* § 3436), requiring the circuit judge who tries a cause without a jury to give his decision on or before the first day of the term succeeding that in which the cause was submitted, is directory merely.

Where, in ejectment, a claim is filed under the statute (*Comp. L.* § 4603) for the value of improvements made by defendant on the premises in controversy, the case may be tried by the court without a jury, if a jury be not demanded by one of the parties.

Where such claim is filed by defendant, and the plaintiff files none for an estimation of the value of the land had no improvements been made, the jury must estimate the increased value under defendant's claim, and if the verdict be for the plaintiff for the land, the latter will be entitled to judgment for the recovery of the premises, but will be deemed, under the statute, to have abandoned all claim thereto, unless he shall pay the sum so estimated for ·improvements within a year after the judgment. If the plaintiff would have the jury estimate what would have been the value of the land had no improvements been made, he must file a claim for that purpose before the trial.

Such claim of plaintiff, when filed, is an essential part of the record, and must appear therein. It is not sufficient that there be a recital in the entry of judgment that one has been filed.

Where, in such case, trial is had before the court without a jury, the finding of the judge is in the nature, and stands in the place, of a special verdict, and must be filed in writing before any judgment can be rendered.

The plaintiff in such case, when the finding of the judge in his favor upon the title, and also upon the respective claims of the parties, has been filed, may elect to take judgment either for the possession of the premises, subject to the obligation to pay for the improvements, or for the value independent of the improvements. But he can not be permitted, after taking judgment for possession, to abandon that and · elect to take judgment for the value.

*Heard May 25th. Decided June 2d,*

Error to Branch Circuit.

The action was ejectment.

With the plea of the general issue, the defendant filed the following notice:

"Sir, *Take notice*, That the defendant will give in evidence on the trial of this cause, that he has been in actual possession of the premises set forth and described in the plaintiff's declaration, for six successive years (and more) before the commencement of this suit; claiming title by virtue of a sale made by the treasurer of the county of Branch, for the non-payment of the taxes assessed thereon in the years 1841 and 1842. The defendant, therefore, hereby claims compensation for the buildings and improvements on the said premises (in case he fails in his defense to the action, and the plaintiff is entitled to recover possession), and hereby requests that an estimation, by the court or jury, may be made of the increased value of the premises by reason thereof." "E. G. FULLER, Defendant's Attorney." "To ELON G. PARSONS, Esq., Plaintiff's Attorney."

The record returned to this court, after giving the pleadings in the case, and the foregoing notice, proceeds as follows:

"At a general session of the Circuit Court for the county of Branch, held at the court house in the village of Coldwater, in said county, on the 25th day of September, A. D. 1857—Present, Hon. Nathaniel Bacon, Circuit Judge.

"*Isaac Parsons, Jr. v. Samuel N. Rawson. Ejectment.*

"This case having been duly brought on for trial before the court without a jury, and the court having heard the proofs and allegations of the parties, the same is continued for argument.

"At a general session of the Circuit Court for the county of Branch, held at the court house in the village of Coldwater, in said county, on the 30th day of September, A. D. 1858—Present, Hon. Nathaniel Bacon, Circuit Judge.

"*Isaac Parsons, Jr. v. Samuel N. Rawson. Ejectment.*

"Come now the parties, by their respective attorneys, and the issue above joined having been tried and submitted at the September term, 1857, of this court, and due deliberation being thereupon had, it is found and determined by

the court, now here, that the said Samuel N. Rawson is guilty of unlawfully withholding from the said Isaac Parsons, Jr., the premises in the said declaration described as "all that," (&c., 80 acres, more or less) "and that the said Isaac Parsons, Jr., is well entitled to hold the said lands in fee simple, as he hath in his declaration complained. And the court assess the damages of the said Isaac Parsons, Jr., by reason of the matters aforesaid, over and above his costs and charges by him about his suit in this behalf expended, at six cents; and for those costs and charges, to six cents. Thereupon it is considered that the said Isaac Parsons, Jr., do recover against the said Samuel N. Rawson, possession of the premises above described, with the appurtenances, and the damages and costs aforesaid, by the court aforesaid, now here, assessed, with the costs of this suit, adjudged of increase, to be taxed.

"And thereupon, the said Isaac Parsons, Jr., prays the writ of the People of the State of Michigan, to be directed to the sheriff of the county of Branch, to cause him to have possession of his said lands and premises, with the appurtenances, and it is granted to him.

"And the said Samuel N. Rawson having filed his claim in writing to (for) compensation for buildings and improvements upon the premises, and a request for an estimation of the increased value thereof by reason of his having been in actual possession of the premises for six successive years, and more, before the commencement of this suit, claiming title by virtue of a sale made by the auditor general for non-payment of taxes: And the court having found and determined that the said Samuel N. Rawson had been in actual possession of the said premises for six successive years, claiming title as aforesaid, assess the increased value of the premises, by reason thereof, at the sum of seven hundred dollars. And the said Isaac Parsons, Jr., having filed his request in writing that the jury also estimate what would have been the value of the premises at the time of the trial

aforesaid, if no buildings had been erected, or improvements made thereon, and the court now here find and assess the value of the premises, at the time of the trial as aforesaid, had no buildings been erected or improvements made upon the said land, at the sum of eight hundred dollars: And the said Isaac Parsons, Jr., now at this time having elected, and now enters his election of record, to abandon, and does abandon, the premises hereinbefore described to the defendant Samuel N. Rawson, at the value thus estimated by the court:

"It is thereupon considered and adjudged by the court now here, on motion of Elon G. Parsons, for the said Isaac Parsons, Jr., that the said Isaac Parsons, Jr., do recover of the said Samuel N. Rawson, the said sum of eight hundred dollars, the value of the land described in said declaration, so estimated as aforesaid, with his costs and charges by him about his suit in this behalf expended, to be taxed; and that the said Isaac Parsons have execution thereof."

The defendant removed the cause to this court, and assigned errors as follows:

1. That the said cause was tried by the court without a jury, and submitted at the September term, 1857; and it does not appear that the decision of the court was given in writing, and filed with the clerk on or before the first day of the term succeeding that in which the cause was submitted, but was made orally, on the last day of the September term, 1858, when several terms had intervened since such cause was tried.

2. That it appears by the said record that the said cause was tried by the court without a jury, and the decision of the court was not given in writing, and filed by the clerk, as required by law.

3. That, by the record aforesaid, it appears that there are two distinct judgments in favor of the said Isaac Parsons, Jr., v. the said Samuel N. Rawson: first, to recover possession of the premises described in the said declaration,

and costs; and, second, to recover the sum of $800, the value of the land had no improvements been made thereon, with costs of suit (the said Parsons having first elected to recover possession of said premises, and then elected to take judgment also, for the value therof, &c.).

4. That by the record aforesaid, it appears that the court, and not "the jury," estimated what would have been the value of the premises at the time of trial, if no buildings had been erected, or improvements made thereon, &c.

*E. G. Fuller*, and *T. M. Cooley*, for plaintiff in error.

*C. Upson*, and *Jerome & Swift*, for defendant in error.

CHRISTIANCY J.:

The first error assigned in this case raises the question, whether, under sec. 2 of the act of February 14th, 1853 (*Comp. L.* § 3436), the decision of the court can legally be given after "the first day of the term succeeding that in which the cause was submitted."

We are all of opinion that this provision, as relates to the time within which the decision shall be given and filed, is directory merely. It imposes a duty upon the judge: but as the parties have no control over his action, it would be a harsh construction which should deprive them of the fruits of the litigation because the judge fails to decide by a particular day. This provision has been practically construed as only directory, in most, if not all, the circuits.

The first error, therefore, is not well assigned.

The fourth assignment of error raises the question, whether the first section of the act of February 14th, 1853, providing "that all questions and issues of fact shall be tried by the court unless a jury be demanded by one of the parties," applies to a case of this kind, where a special provision had been made by an earlier statute for a particular kind of verdict, and, in language, applicable only to a

trial by jury. We think the act of 1853 does apply to cases of this kind as well as to others, and that, in this particular case, the finding of the court upon the facts takes the place of the verdict; and no jury being demanded by either party, it was competent for the court to try the questions of fact involved in the case.

The second and third assignments of error turn upon the construction to be given to the record.

This record is so confused and imperfect as to render it difficult, if not impossible, to determine what proceedings actually took place, or the order in which they occurred. But as neither party has alleged diminution, or complained of any deficiency of the return, we must consider the return as containing the whole record, and as exhibiting precisely the form of the original.

Doubtless we should liberally exercise the power of amendment in such a case, or entirely disregard such errors as are capable of amendment here, if we could discover what those amendments should be. But if we can find nothing to amend by, and can not ascertain what judgment the court intended to give, or ought to have given, the power of amendment will have nothing to operate upon.

The statute applicable to actions of ejectment of this particular class, is found in Compiled Laws, pp. 1238 and 1239 (§§ 4603 to 4606), and from these provisions (in connection with the act of February 14th, 1853, referred to) it is clear,

1st. That to entitle the defendant in this action to an allowance for buildings and improvements, he must, before trial, file his claim therefor in writing, with a request for an estimation by the jury of the increased value of the premises on that account.

2d. If he file no such claim and request, the verdict will be general, and the plaintiff, if he succeed, will be entitled to judgment for the recovery of the premises as in other cases.

3d. If he does file such claim and request, and the plaintiff files none for an estimation of the land without improvements, the jury must estimate the increased value under defendant's claim, and if their verdict be for the plaintiff for the land, the latter will be entitled to judgment for the recovery of the premises. But in such case, unless the plaintiff shall, within a year from the rendition of the judgment, pay to the clerk of the court, for the use of the defendant, the sum so found for buildings and improvements, he will be deemed to have abandoned all claim to the land; and no writ of possession will issue till such sum is paid.

But, 4th. The plaintiff, when defendant has filed his claim and request, may also, before trial, file a request in writing that the jury would also estimate what would have been the value of the premises at the time of the trial, had no buildings been erected, or improvements made, or waste committed. And when both requests have thus been filed, it is the duty of the jury, when the trial is by jury, to make both these estimates, and state them in their verdict; and if the trial is by the court without a jury, the finding of the court upon the facts must take the place of the verdict, and be just as explicit and complete in itself, and as distinct from other proceedings in the cause, as the verdict of the jury is required to be.

5th. The finding of these facts, or the making of the estimates, though a part of the verdict, is distinct from, and necessarily precedes, any judgment whatever. After the verdict (for it is but a verdict whether found by the court or the jury), if it be in favor of the plaintiff for the premises, he has the right, at the same or the next subsequent term, to make his election on record to abandon the premises to the defendant at the value estimated (under his request) by the jury; and in case he so elects, judgment is to be rendered against the defendant for the sum

so estimated, with the costs of suit. If he do not so elect within the prescribed time, the case will stand as if he had filed no request, and judgment may be entered against the defendant for the recovery of the premises, though subject to be defeated by the non-payment, within the year, of the sum assessed for buildings and improvements.

But in no case can the plaintiff be entitled to more than one judgment, or one election, in the cause.

As so much, therefore, depends upon this finding or verdict, it is of the utmost importance, when found by the court, that it should be clear and complete in itself; distinct from the other proceedings in the cause, and in such form that, when examined in the court below, or in this court, it may at least be possible to ascertain where it begins and where it ends; and not so blended and intermixed with mere clerical entries, conclusions of law, and matters of recital, as to destroy its identity, or render it unintelligible. We express no opinion as to the necessity of having the "decision" of the court, in other and ordinary cases tried by the court under the second section of the act of February 14th, 1853, reduced to writing and filed with the clerk; though it can not be doubted it would prevent confusion, and greatly conduce to certainty in all cases. But we are all of opinion that a special finding or verdict, by the court acting in the place of a jury, in a case like the present, must be reduced to writing and filed with the clerk, before any judgment can be rendered upon it. It is plain from the face of this record that this was not done in this case, and that there has been no such verdict, or finding, as the statute contemplates in ejectment cases of this kind, but that the whole was made by the clerk, and in so confused and unintelligible a manner as to be incomprehensible. No more conclusive reason need be given for requiring this special finding to be in writing than is furnished by this record. Had it been in writing

in this case, much of the obscurity in which it is now involved would have been avoided.

The second error, therefore, is well assigned.

But while the record fails to show some things which ought to appear, it shows two distinct judgments entered in the case when it ought to have shown but one. The first is for a recovery of the premises, with nominal dam_ ages, and six cents costs, followed by an award of a writ of possession. This seems to have been given directly after the general finding upon the issue of not guilty, and before any finding under the request of either party. Then follows the recital that such requests had been made, and the finding upon them. Next, the statements of plaintiff's election to abandon to defendant, and to take judgment for the value; and, finally, a judgment for the value, with costs to be taxed.

Now, independent of the question whether the finding or verdict should have been in writing, the question arises which, if either, of these judgments was intended to be given by the court, and is to be treated as a judgment. It is possible that if the record contained a request in writing by the plaintiffs, duly filed before the trial, for the estimation in his behalf, and it also appeared that such estimate was properly made, as a part of the verdict or finding, we might reject the first judgment as a nullity — as mere surplussage. But there is no record evidence that any such written request was ever filed by the plaintiff; much less that it was filed before the trial. This request constitutes as essential a part of the record in such a case as the declaration or plea. The verdict of the jury, or the finding of the court, must be founded upon it, and is unauthorized without it.

That on the part of the defendant seems to have been duly filed with his plea, and appears in full in the record; but none appears on the part of the plaintiff. There is a recital in what is claimed as the decision or finding of

6 MICH. — 2B.

the court, that such written request had been filed, though it does not state when.   But it is not the office of this verdict, or finding of facts, to find or state the pleadings; and such recital is no better evidence of its existence, or its contents, than if stated in the verdict of a jury.   A verdict could hardly supply the want of a declaration, or make the record good without it, unless, possibly, where there should appear evidence of its prior existence and subsequent loss.   There being, therefore, no evidence of any such claim filed by the plaintiff, the first judgment would be the only one authorized, if any, and would terminate the plaintiff's right of election.   But, judging from the record, it is impossible to say that the court intended to give one of these judgments more than the other.   The only inference of intent, judging from the re-citals, is that both were intended.

The judgments must be reversed, and a new trial granted.

The other Justices concurred.