## William H. Patterson v. Timothy W. Goodrich and another.

*Attachment: Dissolution: Interest of defendant.* If a defendant in attachment owns and is entitled to have restored to him a portion of the property, he has as clear a right to move for a dissolution of the attachment as if he owned it all.

*Attachment: Dissolution: Defendant's title.* Whether the interest of a defendant in attachment in real property owned by his wife, and in the possession of both, is sufficient to entitle him to move for a dissolution of the attachment upon such property:—*Quære?*

*Dissolution of attachment: Petition.* A petition which prays for the dissolution of an attachment, for the reason that the affidavit made for it was false, and that the petitioner was not [as alleged in the affidavit] about to assign or dispose of his property with intent to defraud his creditors, and which is verified by the petitioner's oath, is held not open to objection, after a hearing upon the merits, for insufficiency, in that it does not directly under oath negative the cause assigned for suing out the writ.

*Dissolution of attachment: Record of proceedings: Evidence: Presumptions.* On a record of proceedings for the dissolution of an attachment which shows that the plaintiffs made a showing as to the title to the lands attached, and that the proceedings were thereupon dismissed for want of jurisdiction, it will not be presumed that the order was made on other evidence not sent up, making out sufficient cause on other grounds for the dissolution of the attachment.

*Certiorari: Objections not taken below: Practice.* On *certiorari* to a circuit court commissioner to bring up for review proceedings for the dissolution of an attachment, objections not taken before the commissioner will not be favored.

*Submitted on briefs January 15. Decided January 26.*

*Certiorari* to Circuit Court Commissioner for Benzie county.

This writ was brought for a review of proceedings had

before the commissioner, on an application for the dissolution of an attachment issued out of the circuit court for Benzie county, on behalf of Goodrich and another, against the lands and tenements, goods and chattels of Patterson.

*Pratt & Hatch*, for plaintiff in *certiorari*.

*N. A. Parker*, and *Fowler & Harley*, for defendants in *certiorari*.

COOLEY, J.

The commissioner was in error in holding that because some of the property included in the attachment did not belong to the defendant, therefore he was not entitled to a dissolution of the attachment. It has been held in some cases that where the defendant has no claim to have the property restored to him, he cannot move to dissolve.— *Chandler v. Nash, 5 Mich., 409 ; Price v. Reed, 20 Mich., 72.* But if he is entitled to a portion of it there can be no doubt of his right to move, as his legal interest in that case is as clear as if he owned all. We need not therefore consider the point whether, as the property he did not own was real property owned by his wife and in the possession of both, he did not have an interest even as to that, which would entitle him to take this proceeding.

It is objected, however, that the commissioner's ruling was correct even if the reason assigned for it was wrong: *first*, because the petition for dissolution was insufficient in not directly under oath negativing the cause assigned for suing out the writ; and *second*, that, as the case was heard on evidence, and the return does not expressly show that this evidence has all been sent up, it is presumable that sufficient cause for attachment was made out to the satisfaction of 'the commissioner. The first objection was not taken before the commissioner, and we are not inclined to favor it here. The petitioner prays that the attachment may be dissolved for the reason that the affidavit made for

it was false; that he was not about to assign or dispose of his property with intent to defraud his creditors; and he makes oath that his petition is true. We understand this to be a positive averment that the fact is as here recited; and we hold it sufficient, at least after the parties have proceeded to a hearing on the merits. The second objection we also think not well taken. The record would seem to show that the plaintiffs made a showing as to the title to the land, and thereupon the commissioner proceeded to dismiss the proceeding for want of jurisdiction. The record is not open to the inference that the order was made on other evidence.

The order is reversed, with costs, and the record remanded.

CAMPBELL, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.