In the Matter of the Objections to the Certificates of Nomination of JOSEPH P. HENNESSY and RICHARD H. MITCHELL for State Senator for the Twenty-first Senatorial District.

JOSEPH P. HENNESSY, Appellant; RICHARD H. MITCHELL, Respondent.

1. ELECTION LAW — SECTION 56 DIRECTORY NOT MANDATORY. The provision of the Election Law (L. 1896, ch. 909, § 56, as amd. L. 1898, ch. 335) that a final order of the court reviewing the determinations and acts of the officers with whom certificates of nomination are filed must be made on or before the last day fixed for filing certificates of nominations to fill vacancies, viz., fifteen days before election, is directory and not mandatory, and where the court has acquired jurisdiction and a case has been submitted within the time required by the statute, its order will be effectual although made after the expiration of such time.

2. DUTY OF COURTS TO RENDER SPEEDY DECISIONS. It is the duty of courts and judges entertaining proceedings under the statute to speedily decide the questions presented to them so that the various steps required by officers may be taken in time to permit the carrying into execution its provisions.

*Matter of Hennessy*, 54 App. Div. 180, reversed.

(Argued November 1, 1900; decided November 2, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 31, 1900, reversing an order of Special Term, reversing a determination of the police board of the city of New York, deciding that Richard H. Mitchell was regularly nominated as the Democratic candidate for state senator for the twenty-first senatorial district.

The facts, so far as material, are stated in the opinion.

*Samuel H. Ordway* and *Joseph J. Marrin* for appellant. The Supreme Court has power to decide this controversy within fifteen days of election. The provision of section 56 of the Election Law that " the final order must be made on or before the last day fixed for filing certificates of nomination to fill vacancies," is not mandatory, but merely directory. (Endlich on Interp. of Stat. §§ 436, 437; *Smith* v. *Jones*, 1 B. & A. 334; *Reg.* v. *Ingram*, 2 Salk. 593; *Wood* v. *Chapin*, 13 N. Y. 509; *Stewart* v. *Slater*, 6 Duer, 83; *Matter of E. C.*

*Bank,* 18 N. Y. 199; *McRoberts* v. *Winant,* 15 Abb. [N. S ] 210; *Matter of Emmet,* 150 N. Y. 538; *Cunningham* v. *Cassidy,* 17 N. Y. 276; *Wallace* v. *Feeley,* 61 How. Pr. 225; 88 N. Y. 646; *Jenkins* v. *Putnam,* 106 N. Y. 272.)

*John F. McIntyre* and *Arthur C. Butts* for respondent. The order of Special Term was not made and entered until the 26th day of October, 1900, and not having been made within the statutory limitations imposed by the Election Law, is of no effect. (*Matter of Emmet,* 150 N. Y. 538; Suth. on Stat. Const. §§ 237, 454, 456.)

HAIGHT, J. The few hours intervening between argument and rendering of decision prevent more than a brief discussion of the question presented by this appeal.

Two certificates of nomination for state senator for the twenty-first senatorial district were filed with the police board, both regular in form, one certifying that the appellant Hennessy was duly nominated as the Democratic candidate and the other certifying that the respondent Mitchell was regularly nominated for the office by that party. Each of the candidates filed objections to the certificate of his opponent. A hearing was had by the parties before the police board, which on the 22d day of October, 1900, rendered its decision in favor of the respondent Mitchell. On the same day Hennessy petitioned the Supreme Court to review the decision of the board pursuant to the provisions of section 56 of the Election Law and the matter was brought to a hearing on the afternoon of that day at Special Term where argument was had and the whole matter in the proceeding submitted by counsel for the respective parties, the court taking the papers and reserving decision until the 25th day of October, at which time an order was made reversing that of the police board and adjudging Hennessy to be the regularly nominated candidate of the Democratic party for the office of senator. The order so made by the Special Term was entered the next day, and from that order an appeal was taken to the Appellate Division, which court reversed the order of the Special Term and

affirmed that of the police board. From that order an appeal was taken to this court.

It appears from the order that the Appellate Division reversed upon the law, not upon the facts. Indeed, it is apparent from the opinion that the court agreed with the Special Term as to the merits of the controversy, for it said at the close of its argument: "It is with regret that we are forced to reach this conclusion in this particular case, because it seems to us that great injustice has been done to the respondent Hennessy, which the court is powerless to redress."

The Appellate Division appears to have reached the conclusion that the Supreme Court had no power to render its decision or to make its order reversing the determination of the police board after the 22d day of October. We have carefully read the opinion of that court and are much impressed with the ability with which the question has been discussed, and yet we doubt the correctness of the conclusion reached.

The provisions of section 56 of the Election Law, so far as they are now material to be considered, are as follows : "The Supreme Court, or any justice thereof, within the judicial district, or any county judge within his county, shall have summary jurisdiction upon complaint of any citizen, to review the determination and acts of such officer, and to make such order in the premises as justice may require, but the final order must be made on or before the last day fixed for filing certificates of nominations to fill vacancies with such officer as provided in subdivision one of section sixty-six of this article. Such a complaint shall be heard upon such notice to such officer as the said court or justice or judge thereof shall direct." The first subdivision of section 66 provides that the certificate of nomination therein referred to "shall be filed in the office in which the original certificate was filed  *  *  *  at least fifteen days before the election if filed with the county clerk or the police board of the city of New York, or the city clerk of any other city." The election this year takes place on the 6th day of November, and under the construction of the statute, as given by the Appellate Division, the 22d

day of October was the last day upon which an order of
the court or a judge could be made and entered reviewing
the action of the board of police. The view taken by that
court appears to be that the legislature regarded time as
the essential feature of the statute limiting the power of the
court and that the provision must be regarded as mandatory.
We have examined the various amendments of the statute
which, it is claimed, indicate such an intent, but fail to find
reasons which satisfy us that such was the legislative intent.
An examination of the Election Law discloses various pro-
visions which call upon the Supreme Court, or any justice
thereof in the judicial district, or a county judge of the county,
to revise, correct and reverse the action of officers who are
charged with the duty of carrying its provisions into effect.
It may revise the registration of electors. It may strike names
from the registry or require names to be entered thereon
which have been rejected. It may determine the names of
candidates who are properly nomi:. .ted, and in case of error
or omission in the publication of the names or description of
candidates for office in the sample or official ballot it may
require the clerk or other officer or board charged with the
duty of preparing the ballots to correct the errors. It is thus
apparent that the legislature contemplated a review of the
action of the election officers and a correction of the errors
which they may have committed in the discharge of their
duties under the statute and that this was regarded as one of
the prominent and essential features of the law. If the con-
struction of the statute given by the Appellate Division is to
be adopted, then the statute utterly fails to be effective in one
of its most important features. The statute requires the
officer with whom the certificates of nomination are required
to be filed to first decide between the conflicting claims of
candidates before the Supreme Court is given the power to
review. If the provisions of the statute with reference to
time are to be regarded as mandatory, such officer has but to
reserve his decision until such time as will leave less than
fifteen days before the election in order to deprive the court

of any jurisdiction to review his determination. Such, it appears to us, was not the intent of the legislature.

In construing statutes all the provisions thereof should be considered and so far as possible each provision harmonized with the other so as to give effect to the legislative intent and the purpose sought to be accomplished. In reaching this result courts will treat some provisions as mandatory and others as directory in order to give force and effect to them all.

As we have seen, these proceedings were instituted, argued and submitted by the respective parties to the Special Term on the 22d day of October. That day was concededly within the time in which the court had the power to entertain the proceeding. The court acquired jurisdiction of the parties and of the subject-matter. The only effect, therefore, that the limitation of the statute could have upon this proceeding was to require the court to make, file and enter its decision that day. A judge of a court is a public officer. Cooley, in his Constitutional Limitations, at page 75, states the rule, as settled by authority, that " Statutes directing the mode of proceeding by public officers are directory and are not regarded as essential to the validity of the proceedings themselves unless it be so declared in the statute." (*Juliand* v. *Rathbone*, 39 N. Y. 369; *Ex parte Heath*, 3 Hill, 42.) The old Code of Procedure, section 267, provided that upon a trial of a question of fact by the court its decision " *shall be* * * * filed with the clerk within twenty days after the court at which the trial took place." Here we have an express provision of the statute using the word " shall." The provision was as mandatory in form and substance as that under consideration and yet it was held to be directory merely. (*Stewart* v. *Slater*, 6 Duer, 83.) In the case of *Matter of Empire City Bank* (18 N. Y. 199, 220) the referee under the statute was required to report to the first Special Term that should sit after the expiration of six weeks from his appointment. The court, speaking with reference to the provision of the statute, says: " The time fixed for the performance of intermediate steps, after jurisdiction had been once acquired, should be regarded as directory

merely, and an omission to perform one or more of them in time would not render the whole proceeding abortive." In the case of *Wood* v. *Chapin* (13 N. Y. 509) it was held that the statute requiring an officer before whom proceedings were had against an absconding debtor to make and file his report within twenty days after the appointment of trustees was directory merely, and an omission to comply with its requirements within the prescribed time did not vitiate the proceedings. In *Rawson* v. *Parsons* (6 Mich. 401) the first error assigned arose under the statute requiring the decision of the court to be given before the first day of the term succeeding that in which the case was submitted. CHRISTIANCY, J., in delivering the opinion of the court, says: "We are all of opinion that this provision, as relates to the time within which the decision shall be given and filed, is directory merely. It imposes a duty upon the judge; but as the parties have no control over his action, it would be a harsh construction which should deprive them of the fruits of the litigation because the judge fails to decide by a particular day." As we have seen, the Special Term had acquired jurisdiction, the case had been submitted to the court within the time required by the statute. All that remained was for the court to render its decision. The statute requiring him to file his decision within a specified time must, therefore, under the authorities, be deemed directory merely.

*Matter of Emmet* (150 N. Y. 538), in so far as it has any bearing upon the question under consideration, is in accord with the views herein expressed.

It is the duty of courts and judges entertaining proceedings under this statute to speedily decide the questions presented to them so that the various steps required by officers may be taken in time to permit the carrying into execution its provisions.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, LANDON, CULLEN and WERNER, JJ., concur.

Order reversed, etc.