ELECTIONS (§ 151*)—CERTIFICATE OF NOMINATION—OBJECTIONS—FILING—TIME —STATUTES.

> Election Law (Consol. Laws 1909, c. 17) § 125, provides that any question with reference to the construction or legality of any certificate of nomination shall be determined on the application of any citizen by the Supreme Court or any justice thereof within the judicial district, but the final order must be made on or before the last day fixed for filing certificates of nomination to fill vacancies with such officer as provided in section 136. *Held*, that the provision of section 125 as to the time of filing objections to a certificate of nomination is directory only; and hence, where an application to set aside a certificate based on an alleged illegal nominating petition was filed on the first secular day after the registration in the particular political district was complete, when for the first time it could be determined whether the petition was signed by the requisite number of qualified voters, it was in time.

> [Ed. Note.—For other cases, see Elections, Cent. Dig. § 133; Dec. Dig. § 151.*]

Appeal from Special Term, New York County.

In the matter of objections to the independent nomination of Francis R. Stoddard, Jr., for member of assembly, Twenty-Fifth Assembly District, and of Henry H. Curran for alderman, Twenty-Sixth Aldermanic District, of the City of New York. From an order declaring the nominations void, the nominees appeal. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Robert McC. Marsh, of New York City, for appellants.

J. Hampden Dougherty, of New York City, for appellant Anti-Tammany Jeffersonian Alliance.

Samuel J. Rosensohn and A. Welles Stump, both of New York City, for respondent petitioner.

INGRAHAM, P. J. The order appealed from recited as facts that there was filed with the board of elections, city of New York, an independent nominating petition, purporting to nominate Francis R. Stoddard, Jr., for member of assembly from the Twenty-Fifth Assembly District under name of the Anti-Tammany Jeffersonian Alliance; that objections to the said petition were duly filed on the 18th day of October, 1913; that the number of signatures required to nominate candidate for member of assembly in the Twenty-Fifth Assembly District was 403; that the number of signatures filed was 461;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the number of illegal signatures was 70; that the number of legal signatures was 391; and that therefore this nominating petition was illegal and void; and the order sustained the objections and enjoined the board of elections from printing the name of Francis R. Stoddard, Jr., as candidate for member of assembly in the Twenty-Fifth Assembly District.

The appellant does not attack the findings of the court that the number of nominators was not sufficient as required by the statute but takes the objection that the application was not presented within 15 days prior to election day, and therefore the court was without jurisdiction to entertain the application. Section 125 of the Election Law (Consol. Laws 1909, c. 17) provides that any question with reference to the construction, sufficiency, validity, or legality of any such certificate shall be determined upon the application of any citizen by the Supreme Court, or any justice thereof, within the judicial district, who shall make such order in the premises as justice may require, "but the final order must be made on or before the last day fixed for filing certificates of nomination to fill vacancies with such officer as provided in section one hundred and thirty-six of this article." In Matter of Hennessey, 54 App. Div. 180, 66 N. Y. Supp. 463, we held that the order determining the validity of the certificate must be made on or before 15 days prior to the election day, and that was reversed by the Court of Appeals, 164 N. Y. 393, 58 N. E. 446. After reviewing the law, the Court of Appeals said:

"It is thus apparent that the Legislature contemplated a review of the action of the election officers and a correction of the errors which they may have committed in the discharge of their duties under the statute and that this was regarded as one of the prominent and essential features of the law."

See, also, Matter of Herman, 108 App. Div. 335, 96 N. Y. Supp. 144. It appears from the papers before us that the 18th of October was the last day of registration, and, until it was ascertained who were the registered voters, it was impossible to determine whether the certificate contained enough signatures of registered voters to make a valid certificate. The objections to the petition were filed after the registration was completed and on the same day. If the objection of the appellant, that that was the last day on which application to the court could be made, be valid, the object of the statute would be frustrated, and there could be no review by the Supreme Court of the validity of this certificate. This provision of the Election Law that the order must be made within 15 days of the election prevented the court from making an order after that time if this provision were mandatory; but, however, if it were merely directory, it would seem that an application to the court made immediately after the last day of registration would be in time. The application to the court was made on the 20th of October; the first day on which an application could be made as the intervening day (the 19th) was Sunday. That was returnable the 22d of October, and the court made the order, finding as a fact that the certificate was illegal. It seems to me that if this provision of the Election Law is directory simply and not mandatory, and if this ap-

plication was made as soon as validity of the certificate could be ascertained, the time was sufficient and the court below had jurisdiction.

It follows, therefore, that the order appealed from should be affirmed. All concur.