PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK A. LEHMANN and HENRIETTA M. LEHMANN, Petitioners, *v.* CHARLES L. CRAIG, as Comptroller of the City of New York, and Others, Defendants.

Supreme Court, Kings Special Term, November, 1922.

**Municipal corporations — city of New York — sewer assessment — when board of estimate without power to reconsider its determination — Greater New York charter, § 436.**

Section 436 of the Greater New York charter declares that after the determination of the board of estimate as to the respective proportions of an assessment for the construction of a street sewer which shall be paid by the city and which shall be borne by the property benefited shall have been made and announced, such decision shall be final and shall not be reconsidered by said board. *Held*, that the board was without power to reconsider its determination except upon the petition of a majority of the property owners filed within six months as provided by said statute.

Within six months after a determination of the board of estimate that one-tenth of the total cost of the construction of the sewer should be borne by the city, the board undertook to modify such decision and to require the city to pay two-thirds of the assessment. Such action was taken upon a petition signed only by a little over one-fourth of the property owners and lacked at least 7,000 signatures of the requisite number. The assessments upon the property of those who did sign the petition totaled only about one-fifth of the entire assessment levied upon the property owners. *Held*, that an application for an order to compel the city authorities to do the things necessary to carry out the reconsidered action of the board of estimate will be denied upon the ground that for want of a proper petition the board had no jurisdiction in the matter and the fact that it acted upon the petition filed was not decisive.

PROCEEDING to compel city authorities to carry out action of board of estimate relative to the construction of a sewer.

*Fred L. Gross*, for petitioners.

*John P. O'Brien*, corporation counsel (*Charles J. Nehrbas*, of counsel), for defendants.

CROPSEY, J.  The board of estimate originally determined that the assessment for the construction of the Classon avenue sewer should be paid in most part by the property claimed to be benefited by it, about one-tenth of the total cost to be borne by the city. Within six months after the assessment thereunder had been imposed the board of estimate undertook to modify its prior decision and to require the city to pay two-thirds of the assessment. This action was taken upon a petition filed by certain property owners. The law permits the reconsideration of such action by the board of estimate " upon the petition of a majority of property owners

whose property has been assessed because deemed to be benefited by such local improvement," if such action be taken within six months. This proceeding seeks to compel the proper city authorities to do the necessary things to carry out the last or reconsidered action of the board of estimate. The comptroller of the city, and other city officials, who are defendants in this proceeding, oppose the granting of the application. They contend the board of estimate had no power to reconsider its first determination because the petition which was presented, seeking a reconsideration, was not signed by the requisite number of property owners. And papers are presented showing that this contention is correct. The law requires the petition to be signed by a majority of the property owners, but this petition is signed only by a little over one-quarter of the property owners and lacks at least 7,000 signatures of the requisite number. And the assessments upon the properties of those who did sign the petition total only about one-fifth of the entire assessment levied on the property owners. The petition in this proceeding does not dispute the foregoing facts, but contends the reconsidered action of the board of estimate is effective notwithstanding. But this contention is unsound. Section 436 of the charter provides that the board of estimate shall determine the portion of the assessment, if any, to be paid by the city and the proportion to be borne by the property benefited, and that such determination, " after it shall have been made and announced, shall be final and such determination or decision shall not be reopened or reconsidered by said board." Then follows the exception already·mentioned that upon the petition of a majority of the property owners a reconsideration may be had within six months. No matter what the power of the board of estimate might be, in the absence of special statutory provision, to reconsider action taken by it (See 19 R. C. L. 900, tit. " Municipal Corporations," § 200), it plainly had no right to reconsider its original decision in this matter because the statute expressly forbade it. That decision was made final by the language of the statute which prohibited the determination ·being " reopened or reconsidered." The board of estimate, therefore, had no power to reconsider its previous action except as that was given by a statutory provision. And the only such provision is the one already stated, and that requires a petition of a majority of the property owners. Here, concededly, there was no such petition. A majority of the property owners did not apply for a reconsideration of the matter. Hence, the board was without power to act upon the petition. It was the same as though no petition at all had been filed and the express prohibition of a reconsideration was controlling. The board of

estimate had no jurisdiction in the matter because a proper petition was not presented. *Matter of Sharp*, 56 N. Y. 257; *Litchfield* v. *Vernon*, 41 id. 123, 135; *Miller* v. *City of Amsterdam*, 149 id. 288; *Boyle* v. *City of Brooklyn*, 71 id. 1; *People ex rel. Hays* v. *City of Brooklyn*, 71 id. 495; *Jex* v. *Mayor, etc., of New York*, 103 id. 536.

The fact that the board of estimate acted upon the petition is not decisive. It was proper to show in this proceeding that the petition was not such as the law required. If the statute expressly made the action of the board of estimate conclusive that the provisions of the statute had been complied with its action might not be questioned. *Matter of Kiernan*, 62 N. Y. 457. But there is no such statute here applicable. The cases holding that where a statute specifies a time within which a public officer is to perform some official act and he fails to do the act within the prescribed time such failure does not necessarily make the act illegal (*Matter of Hennessy*, 164 N. Y. 393; *Bradley* v. *Ward*, 58 id. 401; *Looney* v. *Hughes*, 26 id. 514, and other cases) have no bearing whatever upon the question here for decision. In those cases the public official had jurisdiction of the matter in question. Here the board of estimate had no jurisdiction because its right to act at all was expressly prohibited except upon the presentation of a proper petition, and that was not done. It follows that the application must be denied.

Ordered accordingly.