MARGARET FALLON, Respondent, *v.* PHILIPP A. HATTEMER, as Town Clerk of the Town of Brookhaven in Suffolk County, New York, Appellant.

Second Department, May 5, 1930.

*Ralph J. Hawkins* [*Bayard L. Peck* of counsel], for the appellant.

*John R. Vunk*, for the respondent.

KAPPER, J. The plaintiff sues as a taxpayer in the town of Brookhaven, Suffolk county, of which the defendant is the town clerk, and she alleges that on August 21, 1929, a petition was presented to the supervisor of the town requesting the incorporation as a village of certain territory in which she resides; that the supervisor, as required by section 5 of the Village Law (as amd. by Laws of 1927, chap. 650, and Laws of 1928, chap. 332), held a hearing and decided adversely to the proposition; that within ten days thereafter an appeal was taken by some of the petitioners to the County Court of Suffolk county, and such appeal was brought on for argument and argument was had on October 26, 1929. (See Village Law, §§ 6–8.) The plaintiff further alleges that the County Court did not within ten days, as required by section 8 of the Village Law, make and file an order affirming or reversing the decision of the supervisor; that on or about January 24, 1930, more than eighty-five days after the argument and eighty days after the county judge was required to make and file the decision upon the appeal from the supervisor, he attempted to make a decision and attempted to sign an order of the County Court " pretending to reverse the decision of the Supervisor of the Town of Brookhaven; " that the town clerk, defendant, is about to give notice of an election at which the question of incorporation shall be determined, and that as the county judge " had lost jurisdiction of the matter by reason of the long and unnecessary delay beyond the time fixed by the statute for the filing of said decision," his determination was an illegal official act, and the action of the town clerk in calling an election based upon the alleged illegal decision of the county judge " is and will be an illegal official act."

The learned Special Term held that perforce the failure of the county judge to render his decision within the time fixed by the statute, the entire proceeding " must fail."

Section 8 of the Village Law provides for the hearing and determination of an appeal by the County Court from the decision of the supervisor either sustaining or adverse to the proposition for incorporation. The statute reads:

" § 8. Hearing and decision of appeal. A person, except a town clerk, by or upon whom the notice of appeal is served, may bring on the appeal for argument before the County Court, upon

a notice of not less than ten nor more than twenty days. Such notice must be served upon all parties to the appeal, except a town clerk.

" The County Court shall hear such appeal, and, within ten days after the date fixed in the notice of argument, shall make and file an order affirming or reversing the decision. The county judge shall file such order, together with the papers upon which the appeal was heard, with the town clerk by whom the papers were transmitted to him. Such order shall be final and conclusive. No costs of the appeal shall be allowed to any party."

An attempt was made in the matter of this proposed village to review the determination of the County Court which, it may be said now, reversed the determination of the supervisor which had been adverse to the proposition for incorporation; and we dismissed the appeal, on motion, on the ground that the order of the County Court, as the statute provides, was " final and conclusive." (*Matter of Village of Belle Terre,* 228 App. Div. 843.)

There is a disputed fact whether the parties in interest had consented before the county judge to extend his time to make and render his decision on appeal from the supervisor; and the learned county judge, in his opinion reversing the supervisor, stated, in effect, that his time to determine the question had been extended by consent of all the litigants. I do not think it necessary to determine this issue of fact.

As a matter of law, I think the county judge was not limited to the ten days specified in the statute as the time within which to make and file his order of affirmance or reversal of the decision of the supervisor. The statute, under well-settled principles of statutory construction, is directory and not mandatory. Nothing in the statute states what is to become of the proceeding in the event of the omission of the county judge to make his determination within the ten days. We have the penalties for failure to make decisions within the time limited in the cases of the Supreme Court where a decision in writing must be filed within sixty days after final adjournment of the term where an issue of fact was tried, in which case, if not so filed, either party may move at a Special Term for a new trial (Civ. Prac. Act, § 442); and in the case of the Municipal Court of the City of New York where, upon the failure to render judgment within fourteen days after a cause is submitted, the case is required to be placed upon the general calendar, and in the case of a motion not decided within fourteen days after submission, the motion may be renewed (N. Y. City Mun. Ct. Code [Laws of 1915, chap. 279], § 119, as amd. by Laws of 1919, chap. 340). Such alternative provisions may be characterized as

" negative words," the presence or absence of which in a statute is largely determinative of the proposition whether the statute as to performance within a certain time is either directory or mandatory.

" It is frequently the case that a statute directs a public officer to do an act at a certain time, though it is not of the essence of the act that it be done at that particular time. The direction is given for the purpose of securing system, uniformity, and dispatch in the conduct of the public business, rather than for the purpose of making the rights of persons dependent on the doing of the act at the specified time. In such cases, the direction as to time is generally considered merely directory, and the rights of other persons are not injuriously affected by the failure of the officer to perform the duty at the time prescribed. Especially is this so when the acts are to be done for the benefit of the public, or where there are no negative words in the statute forbidding the acts to be done at any other time." (§ 7, entitled " Time not of essence," of the article relating to Statutes and Statutory Construction, 1 McKinney's Consol. Laws, 59.)

The rule was succinctly stated in *Barnes* v. *Badger* (41 Barb. 98, 99) as follows: " The general rule most certainly is, that where a statute directs a public officer to do a thing within a certain time, without any negative words restraining him from doing it afterwards, the naming of the time will be regarded as merely directory, and not as a limitation upon his authority."

In *Matter of Broadway Widening* (63 Barb. 572) the question came up upon a report of commissioners of estimate and assessment in a street widening proceeding, and the objection was urged that the report was invalid because not made within six months after the appointment of the commissioners and as the statute required. The court say (p. 579): " There being no negative words in the statute prohibiting the making a report after the time limited, and no injury appearing to have occurred to the objector in consequence of the omission to do so, this provision must be deemed directory merely (Cooley's Const. Lim. 75 *et seq.*), and a performance of a public duty, after the lapse of the period within which the statute directed it to be done, is in such a case good."

In *Matter of Hennessy* (164 N. Y. 393) the provision of the Election Law required a final order of the court reviewing the determination of the election officials as to the validity of certificates of nomination to be made fifteen days before election. It was held that the provision was directory and not mandatory, and that where the court had acquired jurisdiction and the case had been submitted to it within the time required by the statute, its order will be effectual although made after the expiration of the

said time. It was said by Judge HAIGHT, writing for a unanimous court (p. 397): " As we have seen, these proceedings were instituted, argued and submitted by the respective parties to the Special Term on the 22d day of October. That day was concededly within the time in which the court had the power to entertain the proceeding. The court acquired jurisdiction of the parties and of the subject-matter. The only effect, therefore, that the limitation of the statute could have upon this proceeding was to require the court to make, file and enter its decision that day. A judge of a court is a public officer. Cooley, in his Constitutional Limitations, at page 75, states the rule, as settled by authority, that ' Statutes directing the mode of proceeding by public officers are directory and are not regarded as essential to the validity of the proceedings themselves unless it be so declared in the statute.' (*Juliand* v. *Rathbone*, 39 N. Y. 369; *Ex parte Heath*, 3 Hill, 42.) The old Code of Procedure, section 267, provided that upon a trial of a question of fact by the court its decision ' *shall be* * * * filed with the clerk within twenty days after the court at which the trial took place.' Here we have an express provision of the statute using the word ' shall.' The provision was as mandatory in form and substance as that under consideration and yet it was held to be directory merely. (*Stewart* v. *Slater*, 6 Duer, 83.) " (See, also, *Matter of Stoddard*, 158 App. Div. 525, 527, following *Matter of Hennessy, supra.*)

The proceeding before the county judge seems to have resulted in a considerable delay in determination. I am not critical of that. because I do not know of the difficulties that beset the learned judge, nor am I inclined to question the good faith of his statement that he understood all the litigants to have consented to his taking some time beyond the statutory period for the making and filing of his decision. That all of the parties before the County Court, including a namesake of the present plaintiff for whom her present attorney appeared, were fully apprised of the situation in so far as it effected delay, there can be no doubt. There is a step they should have taken if they considered time as of the essence of their alleged rights. That step is pointed out in *Hupfel* v. *Schoemig* (decided by the Superior Court of the City of New York, reported 34 N. Y. Super. Ct. [2 J. & S.] 477), where it was held that a party considering himself aggrieved by the delay of the judge (beyond the statutory period) in filing his decision, can by mandamus compel him to render and make known the same. Such practice is upheld, on the authority of the case cited, in 1 Nichols' Practice, 637. In support of its view that the statute as to the time within which

a decision shall be filed is merely directory, the court in the *Hupfel* case cited *Stewart* v. *Slater* (6 Duer, 83), which case is approvingly cited in *Matter of Hennessy* (*supra*).

The order should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion for an injunction *pendente lite* denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, CARSWELL and SCUDDER, JJ., concur.

Order enjoining defendant, as town clerk of the town of Brookhaven, Suffolk county, from proceeding under section 10 of the Village Law█ to sign and post notices of election for the purpose of voting for or against incorporation of the proposed village of Belle Terre, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion for an injunction *pendente lite* denied, with ten dollars costs.