■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL MYERS, Appellant.— In a filiation proceeding, the appeals are from orders of the Children's Court, Nassau County, determining that appellant is the father of the child in question and directing him to make payments for the support of the child and the expenses of confinement. Orders affirmed, with costs. No opinion. Nolan, P. J., Beldock and Murphy, JJ., concur; Ughetta and Kleinfeld, JJ., dissent and vote to reverse and to grant a new trial on the ground that it was an improvident exercise of discretion on the part of the Trial Judge to refuse to reopen the trial for the purpose of taking appellant's proffered testimony.

■ ANTHONY RICHARDI, Respondent, v. BARON OLDSMOBILE CORPORATION, Appellant.— Appeal from an order of the City Court of Mount Vernon, denying appellant's motion for an order to vacate a decision and direction for judgment in favor of respondent after a trial before the court without a jury, upon the ground that the decision was not rendered within thirty days after the final submission of the case and the time had not been extended as provided by statute. The motion to vacate was made subsequent to the rendition of the decision and the entry of the judgment thereon. Order unanimously affirmed, with $10 costs and disbursements. The statute invoked (Mount Vernon City Charter, § 191, as amd. by L. 1955, ch. 169, § 5) provides that upon an issue of fact joined, if a jury trial be not demanded, " the court *must* hear the evidence, and decide all questions of fact and law, and render judgment accordingly within thirty days from the time the same was submitted for that purpose ". (Emphasis supplied.) It is not provided in the statute that the court may not render judgment thereafter, except that failure of the court to render a decision in any case within a period of three months shall create a mistrial and necessitate a new trial. We construe the statute as depriving the court of jurisdiction to make a decision after the termination of the three months' period. In view of the provision with respect to the effect of the failure to render a decision within three months, however, and of the fact that no similar provision is made with respect to a failure to decide a case within thirty days, we regard the provision that a decision must be made within thirty days as directory and not mandatory. Since the decision in the instant case was made within the three months' period, although not within the thirty-day period, it is our opinion that jurisdiction to decide the case was not lost, and that the motion to vacate was properly denied. (Cf. *Fallon* v. *Hattemer*, 229 App. Div. 397.) Present— Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *post*, p. ——.]

■ EMIL SCHORR, Respondent, v. VINCENT ERRICO et al., Appellants.— In an action to recover a broker's commission of $700 from the owners of a parcel of real property, the owners counterclaim to recover $700, the difference between the amount alleged to have been collected by the broker from the purchaser and the amount paid by the broker to the owners. The appeal is from an order granting the broker's motion for summary judgment and denying the owners' motion for summary judgment on their counterclaim, and from the judgment entered on said order. Order modified by striking therefrom the first ordering paragraph and by substituting therefor a provision that plaintiff's and defendants' motions for summary judgment be denied, and by striking from said order the second ordering paragraph. As so modified, order unanimously affirmed, with $10 costs and disbursements to appellants. Judgment vacated, without costs. Under the circumstances herein, questions of fact are presented which should be resolved by a trial. (*Suslensky* v. *Metropolitan Life Ins. Co.*, 180 Misc. 624, affd. 267 App. Div. 812.) Present— Nolan, P. J., Beldock, Ughetta and Hallinan, JJ.; Wenzel, J., not voting.